

## ORDERED in the Southern District of Florida on November 9, 2012.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:  John Skippings                              Case No: 12-29159
                                                    Chapter 13

_____Debtor_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY Riverwood Condominium Association

THIS CASE came to be heard on <u>November 6th, 2012</u> on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE <u>17</u>; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A.    The value of the debtor's real property (the "Real Property") located at <u>19208 NE 25th Avenue, Unit 302, Miami, FL 33180</u>, and more particularly described as

LF-92 (rev. 01/08/10)                    Page 1 of 3

Unit No. 302, of Riverwood Condo Sec 1, of Riverwood Condominium, a Condominium, according to the Declaration of Condominium thereof, recorded in Official Records Book 8619 at Page 334 of the Public Recods of Miami-Dade County, Florida.

is $ 80,440.00 at the time of the filing of this case.

B.   The total of all claims secured by liens on the Real Property senior to the lien of _____Riverwood Condominium Association_____ (the "Association") is $221,778.04.

C.   The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Association is $ 0 and Association has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.   The Motion is **GRANTED**.

2.   Association has an allowed secured claim in the amount of $0.

3.   [*Include only if appropriate*: Because Association's secured interest in the Real Property is $0, Association's lien recorded on ___September 2, 2011___ at OR BOOK 27813 Page 0846 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Association's lien will no longer be considered void and shall be restored as a lien on the Real Property.]

4.   (Select only one):

___   Lender has not filed a proof of claim in this case.  The trustee shall

        not disburse any payments to Lender unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

        __X__    Lender filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ 32,794.89, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:
Siobhan E. Grant

Address: 3000 Biscayne Blvd, Suite 500
Miami, FL 33137
Phone: (305) 438-2409

Attorney Siobhan E. Grant is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.